IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE OLIVER,

      Petitioner,               No. 2:12-cv-2831 KJN P

      vs.

MICHAEL BABCOCK, Warden,

      Respondent.            ORDER

_____/

      Petitioner, a federal prisoner, is proceeding without counsel. Petitioner filed a 71 page petition under 28 U.S.C. § 2241 raising five claims, and providing 41 pages of exhibits. (ECF No. 1.) Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On March 28, 2013, counsel for respondent filed a second request for extension of time which was required to allow the Bureau of Prisons' agency counsel ("BOP Attorney") to perform additional research, and to obtain additional documentation. (ECF No. 16 at 2.) On April 1, 2013, respondent's second request for extension of time was granted, and respondent was cautioned that no further extensions of time would be granted.

      On May 7, 2013, the court denied petitioner's April 4, 2013 motion to strike respondent's second motion for extension of time, and granted respondent until May 11, 2013, in which to file a response to the § 2241 petition.

On May 9, 2013, petitioner filed a motion to strike respondent's third request for extension of time. Petitioner relies on the court's prior warning that no further extensions of time would be granted. (ECF No. 22 at 1.) Petitioner asks that the court enter default or summary judgment in petitioner's behalf.

In the meantime, on May 13, 2013, respondent filed a fourth request for extension of time. Respondent seeks an additional fifteen days in which to file a responsive pleading to complete a review of petitioner's exhibits and documentation from the Bureau of Prisons, and to determine whether a sealing order is required. (ECF No. 23.)

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. Id. The court may accept a late filing when the moving party's failure to meet the deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It is within the court's discretion to determine whether to grant an extension of time. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2012) (district court's denial of an extension of time is reviewed for abuse of discretion).

The court finds that respondent demonstrated good cause for both the third and fourth requests for extension of time to file the responsive pleading. Each request sought a limited period of time in which to respond for very specific reasons. And, because newly-assigned counsel was only made aware of the May 1, 2013 deadline on May 1, 2013, due to his predecessor's medical leave, the court does not find the requests for extension of time to be unreasonable.

Petitioner's request for default judgment is not well taken. If a party has filed an answer or has otherwise indicated its intent to defend the action, a default judgment is not appropriate. See Direct Mail Specialist, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988) ("because judgments by default are disfavored, a court usually will try to find that there has been an appearance by defendant.") (internal quotations omitted). Moreover,

other courts have found that default judgments are inappropriate in habeas cases. <u>Stines v. Martin</u>, 849 F.2d 1323, 1324 (10th Cir. 1988) (collecting cases).

Here, respondent has indicated his intent to defend this action by timely filing requests for extensions of time that were not unreasonable under the circumstances. Respondent's new counsel seeks until May 28, 2013, in which to file the responsive pleading, which is only 27 days after he was assigned this case.

For all of the above reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to strike (ECF No. 22) is denied;

2. Respondent's motion for extension of time (ECF No. 23) is granted;

3. Respondent shall file a response to the § 2241 petition on or before May 28, 2013; and

4. Petitioner's traverse is due thirty days thereafter.

DATED: May 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/oliv2831.eot4